UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

KEITH CONNELL, INC., a
Missouri corporation,

      Plaintiff,

v.

CROSSROADS FRESH
CONNECTIONS, INC., an
Oklahoma corporation,

BRETT PUCKETT, an individual,

      Defendants.

Case No. 14-CV-0166-CVE-TLW

## STIPULATED INJUNCTION AND AGREED ORDER
## ESTABLISHING PACA TRUST CLAIMS PROCEDURE

This matter is before the Court on the Unopposed Motion for Entry of Stipulated Injunction and Agreed Order Establishing PACA Trust Claims Procedure (Dkt. # 11) between Plaintiff, Keith Connell, Inc. ("Keith Connell") and Defendants, Crossroads Fresh Connections, Inc. ("Crossroads") and Brett Puckett ("Puckett" and collectively with Crossroads, the "Defendants"), in which the parties agree to the entry of a preliminary injunction against Defendants under the trust provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499 ("PACA") and PACA Trust Claims Procedure (the "Agreed Order"). Having reviewed the motion, the Court finds that the motion (Dkt. # 11) should be and is hereby **granted**, and the Court finds as follows:

A.    **Findings of Fact**

    1.    Keith Connell is a Missouri corporation with its principal place of business located in Stilwell, Kansas.

2.      Crossroads, an Oklahoma corporation, is a commission merchant, dealer, or broker subject to PACA and holds a valid PACA license issued by the United States Department of Agriculture (the "USDA").

3.      Puckett is a corporate officer of Crossroads Fresh Connection, who was the person in control of Crossroads Fresh Connection's assets subject to PACA.

4.      Keith Connell also holds a valid PACA license issued by the USDA.

5.      Keith Connell and Crossroads entered into contracts in which Keith Connell sold to Crossroads in interstate commerce, and Crossroads purchased from Keith Connell, perishable agricultural commodities ("Produce"), in an amount Keith Connell alleges to be $1,003,923.35.

6.      Keith Connell gave Crossroads written notice of its intent to preserve PACA trust benefits by including the statutory language required by 7 U.S.C. §499e(c)(4) on each invoice, and by sending those invoices to Crossroads.

7.      Crossroads failed to pay for the Produce sold to it by Keith Connell.

8.      On April 8, 2014, Keith Connell initiated this matter to enforce its PACA trust rights against Defendants (Dkt. # 2).

B.      **Conclusions of Law**

9.      This Court has subject matter jurisdiction over this action under 7 U.S.C. § 499e(c)(5).

10.     Section 5 of PACA establishes a statutory trust under which Crossroads is the trustee required to hold all its Produce, inventories of food or other products derived from Produce, receivables or proceeds from the sale of Produce and its products, and all inventories or assets purchased with the funds from a commingled account (collectively, the "PACA Trust Assets") in trust for the benefit of its Produce suppliers and sellers. 7 U.S.C. §499e(c)(2).

11.     Crossroads has ceased its operations and is in the process of winding up its business affairs.

**C.    Agreement**

12.     Counsel for Keith Connell and Defendants have conferred and reached an agreement regarding the terms of this Agreed Order, which establishes a framework for the orderly liquidation of Crossroads' PACA Trust Assets and transfer of Crossraods' remaining assets to its qualified PACA trust beneficiaries.

13.     Defendants do not object to the entry of this injunction on the terms of this Agreed Order, as well as any additional terms this Court deems necessary and proper to effectuate this Agreed Order.

14.     Defendants recognize that Keith Connell and other similarly situated, unpaid suppliers of Produce may be entitled to a beneficial interest in the single pool of Crossroads' PACA Trust Assets.

15.     Keith Connell reserves the right to assert that Crossroads' machinery, equipment, furniture, fixtures, leasehold improvements, vehicles, leases, and real property and other assets are subject to the PACA trust available for distribution to qualified PACA trust beneficiaries.

16.     Keith Connell also reserves the right to pursue any deficiency in the recovery of its claim against Puckett and any third party to whom PACA Trust Assets of Crossroads may have been transferred.

17.     Keith Connell and Defendants agree that this Agreed Order is reasonable and necessary to

(a)     Identify the qualified PACA trust beneficiaries of Crossroads;

(b)     Determine the amounts and validity of PACA trust claims held by each beneficiary;

(c)     Provide a framework for the orderly liquidation and distribution of Crossroads' PACA Trust Assets to the beneficiaries;

(d)     Maximize the recovery for each PACA trust beneficiary and, consequently, minimize the potential personal liability of Puckett and any third parties who may have received PACA trust assets; and

(e)     Ensure that the rights of all potential beneficiaries and the rights of Defendants are efficiently addressed in a single proceeding without the expense of administering multiple separate actions regarding Crossroads' statutory obligations to all such beneficiaries.

18.     Keith Connell and Defendants intend that the costs and expenses of liquidating the assets of Crossroads will be payable from the PACA Trust Account, as defined below, and that these expenses are necessary and reasonable to collect and distribute the PACA Trust Assets.

19.     This Order may be executed in any number of counterparts with the same effect as if all signatories had signed the same document.  All counterparts must be construed as constituting one document.

Based upon the foregoing, **IT IS THEREFORE ORDERED** as follows:

## I.     <u>CONSENT INJUNCTION</u>

20.     Pursuant to FRCP 65, this Agreed Order is binding upon the parties to this action, their officers, directors, agents, employees, independent contractors, assigns, employees, financial institutions, attorneys and all other persons or entities who receive actual notice of this Order.  Actual notice includes, receipt of a copy of this Order by personal service, U.S. mail, fax, email or overnight courier, which service is good and sufficient.

21.     Crossroads and Puckett, their agents, officers, subsidiaries, assigns, banking and financial institutions, and all persons in active concert or participation with them are enjoined and restrained from dissipating, encumbering, paying, transferring, assigning or selling any and

all assets covered by or subject to the trust provisions of the PACA, except as stated in this Order.

22.     No later than three business days after entry of this Agreed Order, Defendants shall serve a copy of this Agreed Order, by personal service, U.S. Mail, or facsimile, on RCB Bank, Crossroads' bank, and all other financial institutions and any person or entity who may be holding PACA Trust Assets for, or on behalf of, Crossroads.  Defendants shall file a Proof of Service with the Court no later than three days after service of this Agreed Order on any person or entity.

23.     Considering the agreement reached between Keith Connell and Defendants, the remedial nature of PACA, and in recognition of the fact that the Defendants are currently in possession of the PACA Trust Assets, the Court hereby finds good cause to set the bond in this matter at $0.00.

## II.      ESTABLISHMENT OF A PACA TRUST ACCOUNT

24.     Crossroads, Puckett and any person or entity in possession or contol of monies, unnegotiated checks, bank account balances, cash, proceeds from Crossroads' accounts receivable and inventory, or any assets constituting Crossroads' PACA Trust Assets, or which come into their possession, custody or control, shall immediately transfer those assets to Meuers Law Firm, P.L., counsel for Keith Connell, for deposit into the Meuers Law Firm, P.L. Client Trust Account (the "PACA Trust Account").

25.     Meuers Law Firm shall not authorize distributions or withdrawals from the PACA Trust Account, except (1) as provided in this Agreed Order, (2) upon stipulation of the parties to this lawsuit, or (3) further order of this Court.

26.     The PACA Trust Account is for the benefit of all PACA trust beneficiaries of Crossroads with valid PACA trust claims and is not subject to execution, levy, or attachment, without further order of this Court.

### III.     COLLECTION AND LIQUIDATION OF THE ASSETS

27.     No later than 21 calander days after the date of entry of this Agreed Order, Crossroads shall provide Meuers Law Firm a list of all of Crossroads' assets, assets purchased and paid for in the one year before entry of the Agreed Order and all liabilities incurred  in the one year before entry of the Agreed Order.  Additionally, Crossroads shall provide Meuers Law Firm with its Federal income tax returns for 2012 and 2013, a list of all assets having a value of more than $1,000 purchased within the past one year, and a list of real property purchased within the last two years prior to entry of this Agreed Order.  The lists must include a description the property, the date purchased, and the purchase price.

28.     No later than five calander days after the date of entry of this Agreed Order, Defendants shall provide a detailed listing of the following to Meuers Law Firm to the extent they have not done so:

(a)     All outstanding accounts receivable (the "Receivables");

(b)     All outstanding accounts payable ("Payables");

(c)     All other assets held in the name of Crossroads;

(d)     All lawsuits currently pending against, instituted by, or filed against Crossroads;

(e)     Crossroads' cash, checks, deposits or other monies in its possession or control; and

(f)     All financial institutions where Crossroads has had an account in the one year prior to entry of this Agreed Order.

29.     Crossroads's Receivables and Payables listings must include addresses, telephone numbers, and primary contact person for each of the companies and the amounts due to Crossroads or owed by Crossroads, as applicable.

30.     If Meuers Law Firm seeks to pay employees, and any other oridinary and customary operating expenses, they shall fax or email a written notification to all attorneys of record.  If no written objections are made no later than three business days after the date of notification, Meuers Law Firm is authorized to withdraw monies from the PACA Trust Account to pay the requested expenses.  Meuers Law Firm may pay the expenses directly or transfer the sum of all expenses to Crossroads' operating account for payment by Crossroads.  In the event an objection to a payment is made and cannot be resolved by the parties, the objecting party shall, no later than seven calander days after the date of its objection, submit the dispute by motion to this Court for resolution.

31.     Defendants shall maintain the integrity and security of Crossroads' financial records, including accounts payable and receivable and reasonably cooperate with Meuers Law Firm in the collection of accounts receivable and turnover of PACA Trust Assets.

32.     Upon receipt of actual notice of this Agreed Order, all financial institutions in which Crossroads has funds on deposit and any other person or entity that may be in possession of Crossroads' assets shall promptly account for and turn over all those funds and assets to Meuers Law Firm, who will then promptly deposit the funds and assets into the PACA Trust Account.

33.     All persons and entities that have purchased Produce from Crossroads and remain indebted to Crossroads for those purchases must issue payment to Meuers Law Firm, who shall then promptly deposit the proceeds into the PACA Trust Account.

34.     Meuers Law Firm shall collect Crossroads' PACA Trust Assets and deposit the collected proceeds into the PACA Trust Account. Meuers Law Firm shall not settle an account receivable for less than 75% of the face invoice amount, without either the written consent of the attorneys of record or further Order of the Court. Meuers Law Firm shall serve all attorneys of record with the proposed settlement via fax or email. If no written objections are made no later than three business days after the date of notification, Meuers Law Firm is authorized to settle the invoice with the account debtor. If an objection to a proposed settlement is made and cannot be resolved by the parties, the objecting pary shall, no later than seven calander days after the date of its objection, submit the dispute by motion to this Court for resolution.

35.     Meuers Law Firm is authorized to retain one or more collection agents, which may include attorneys, to assist with the collection of Crossroads' PACA Trust Assets, and to enter into an agreement with each collection agent that provides for reasonable compensation for services rendered. Meuers Law Firm shall serve all attorneys of record with the proposed arrangement via facsimile or e-mail. If no written objections are made no later than three business days after the date of notification, Meuers Law Firm is authorized to engage the collection agent or law firm. If an objection to the engagement is made and cannot be resolved by the parties, the objecting pary shall, no later than seven calendar days after the date of its objection, submit the dispute by motion to this Court for resolution.

36.     All PACA trust beneficiaries of Crossroads will share the burden of the costs and expenses incurred in administering the PACA trust. Meuers Law Firm shall serve all attorneys of record with its proposed fees and costs that benefit the PACA trust via fax or email. If no written objections are made no later than three business days after the date of notification, Meuers Law Firm is authorized to withdraw monies from the PACA Trust Account to pay the

reasonable costs and fees.  If an objection to a payment is made and cannot be resolved by the parties, the objecting pary shall, no later than seven calander days after the date of its objection, submit the dispute by motion to this Court for resolution.

37.    Upon request, during normal business hours, Crossroads shall provide Meuers Law Firm, or designated representatives for Keith Connell or other PACA trust beneficiaries, with reasonable access to Crossroads' business premises, to the extent they are able to do so, and make available all Crossroads' books and records, including without limitation, all invoices, credit memos, Receivables, ledgers, bank statements, insurance policies, inventory lists, Payables, customer lists, vendor invoices, and access to Crossroads' computers, computer software and related passwords, except, all communications between Defendants and their attorneys and all of their attorneys' work product shared with Defendants,  retain their privileged nature and Keith Connell, and any other party, shall not review the priviledged communication and documents.  The unintentional review of these communications and documents will not waive of any of these privileges or any other privledge recognized at law.

## IV.    PACA CLAIMS PROCEDURE

38.    All qualified PACA trust beneficiaries of Crossroads have the right to share *pro-rata* with Keith Connell in any PACA Trust Assets distributed under this Agreed Order.

39.    In order to promote the efficient administration of justice and finality of any ultimate distribution of PACA trust assets in this case, all persons or entities claiming an interest in the PACA Trust Assets are required to intervene in this action before the established bar date in order to (i) avoid duplicate actions, (ii) define the class of PACA trust beneficiaries, (iii) establish a method to determine the validity and amount of their claims, and (iv) share in any distribution of PACA Trust Assets recovered.

40.     All persons or entities having an unpaid invoice for the sale of Produce to Crossroads, or who otherwise claim to be a PACA trust beneficiary of Crossroads, are hereby granted leave to intervene pursuant to Rule 24(a) of the Federal Rules of Civil Procedure and, upon intervention, each person or entity will be bound by all Orders entered in this case.

41.     In lieu of filing a complaint in intervention, Keith Connell is granted leave under Federal Rule of Civil Procedure 15(a) to amend its complaint to add additional PACA trust beneficiaries, if necessary.

42.     All other persons or entities whose interests may be affected by this Agreed Order or the results of this action may intervene without further order of this Court.

43.     All other actions against the Defendants of any nature and kind in any other court or forum by any unpaid seller of Produce to Crossroads are barred, pending further order of this Court.   All persons or entities having unsatisfied claims against Crossroads, its officers or employees, arising under or relating to the PACA trust have the right to seek recovery solely in this action and only by following the procedures stated in this Agreed Order.

44.     No later than April 25, 2014, Meuers Law Firm shall issue a written notice substantially similar in form to the Notice attached as Exhibit "A" to this Agreed Order (the "Notice"), to each of Crossroads' known produce creditors.   If the person or entity is already a party, or if a notice of appearance has been filed on its behalf in this action, the Notice will be sent to the attorney of record.   The Notice must be accompanied by a copy of this Agreed Order and sent U.S. mail with return receipt requested, facsimile, overnight courier or any equally verifiable means to prove delivery upon the recipient.

45.     The Notice is structured on the following schedule:

| EVENT | DEADLINE |
|-------|----------|
| File Complaint in Intervention and PACA Proof of Claim | May 30, 2014 |
| Objections to PACA Proofs of Claim | June 20, 2014 |
| Responses to Claims Objections | July 11, 2014 |
| File PACA Trust Chart and Move for Interim Distribution | July 25, 2014 |
| Object to PACA Trust Chart and Interim Distribution | August 1, 2014 |
| Interim Distribution | August 8, 2014 |
| File Motion to Rule on Claims Objections | August 8, 2014 |
| File Omnibus Answer to Complaints | August 8, 2014 |

46.     On or before the "Deadline to File Complaint in Intervention and PACA Proof of Claim" stated in ¶45, each unpaid supplier of Produce to Crossroads or other claimant alleging rights under the PACA trust shall file with the Clerk of the Court for this District a completed PACA Proof of Claim form substantially similar to the Proof of Claim form attached as Exhibit "A" to the Notice and any and all documents supporting its claim, together with a Complaint in Intervention or First Amended Complaint, if part of Keith Connell's group, complying with Federal Rule of Civil Procedure 8(a), and serve the PACA Proof of Claim and Complaint in Intervention or First Amended Complaint on the following:

Lawrence H. Meuers
Steven M. De Falco
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, Florida 34109-5932
Telephone: (239) 513-9191
lmeuers@meuerslawfirm.com
sdefalco@meuerslawfirm.com

*Attorney for Keith Connell, Inc.*

Mac D. Finlayson
Eller & Detrich
2727 E. 21st Street, Ste 200
Tulsa, OK 74114-3533
Telephone: (918) 747-8900
*mfinlayson@ellerdetrich.com*

*Attorney for Defendants*

Service under this paragraph will be accomplished by personal service, courier, overnight delivery or United States first class mail, postage pre-paid. Service is also permitted to be made pursuant to FRCP 5(b)(2)(D) via email to the email addresses identified above, provided that if service is effectuated via email, a copy of the document is also served via U.S. Mail on the date of email service. All filings must be accompanied by a Certificate of Service. Any claims not timely filed with the Proof of Claim in accordance with this Paragraph will be inadmissible at any evidentiary proceeding or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

47. Each PACA Proof of Claim must be verified by either an owner, an officer, or authorized corporate employee of the claimant having personal knowledge of the facts comprising such claims.

48. If you are **NOT** a produce supplier, <u>do not submit a claim at this time</u>. In the event there are any non-PACA trust assets remaining for unsecured creditors of Crossroads, you will be notified of the procedure to distribute those assets to unsecured creditors. You may intervene to lodge objections to PACA trust claims for produce sold and challenge whether any particular asset is subject to the PACA trust. NOTE: Any objections to PACA trust claims and/or challenges to any particular PACA trust asset must be filed and served as stated in ¶45, on

or before the deadline for "Objection to PACA Proof of Claims" stated in ¶45 of this Agreed Order.

49.     After having intervened, and for PACA trust beneficiaries having filed a Proof of Claim, each such person or entity is bound by all Orders entered in this case.

**50.     Any supplier or creditor who fails to timely file such Complaint in Intervention and Proof of Claim with the Court and serve counsel identified in ¶46, is forever barred from thereafter asserting any claim against Crossroads, its officers, or employees under the PACA trust provisions for non-payment of Produce sold, whether in this Court or any other forum.**

51.     Any party wishing to review or copy any document may make arrangements with the Clerk of the Court or Counsel listed in ¶46 to view the document or arrange for copying at the requesting party's expense.

52.     Any objections to any PACA claims must be filed with the Clerk of the Court and served upon all counsel identified in ¶46, as well as the PACA claimant whose claim is the subject of the objection.  All objections must be filed and served no later than the deadline for "Objection to PACA Proofs of Claim" stated in ¶45 of this Agreed Order.  The objection must state, in detail, the legal and factual grounds for the objection to each invoice, or the payment of the invoice (a "Valid Objection").  Any additional evidence which the objecting party wishes the Court to consider when resolving the objection must be filed with the Valid Objection and presented by way of sworn affidavits or deposition testimony.

53.     No later than the deadline for "Response to Claims objections" stated in ¶45 of this Agreed Order, any PACA claimant whose claim is subject to a Valid Objection may file with the Court a detailed response to any Valid Objection received, including any supporting

rebuttal evidence by way of sworn affidavits, declarations, or deposition testimony.   The claimant must serve all counsel identified in ¶46, as well as counsel for the objecting party.  A claim will be disallowed if a Valid Objection is timely filed and the claimant fails to timely file and serve a response.

54.     Any PACA claim listed on a Proof of Claim, to which no Valid Objection has been filed and served no later than the Objection Deadline, is deemed a valid PACA trust claim for the full amount stated in the PACA Proof of Claim.  If a PACA claim is subject to a timely filed and served Valid Objection as to only a part of the claimed amount, that claim is deemed a valid PACA trust claim only to the extent it is not subject to the timely filed and served Valid Objection.

55.     The claimant and the objecting party must confer and exercise their best efforts to resolve any Valid Objections.  If the claimant and the objecting party are unable to resolve the dispute or the Valid Objection is not withdrawn, the claimant shall file a Motion to Rule on Objections, accompanied by a brief, no later than the deadline stated in ¶45. Any claimant that does not file a Motion to Rule on Objections no later than the deadline to "File Motion to Rule on Objections" stated in ¶45 of this Agreed Order, will have waived that portion of its claim subject to the objection.

56.     No later than the deadline to "File PACA Trust Chart and Move for Interim Distribution" stated in ¶45 of this Agreed Order, Meuers Law Firm shall prepare, file with the Court, and serve upon all counsel of record, and any *pro se* entities that filed a PACA Proof of Claim and Complaint in Intervention, a chart listing each person or entity having filed a verified PACA Proof of Claim and Complaint in Intervention; the amount of its claim as stated on the Proof of Claim; the amount which is valid due to no Valid Objections filed; the amount which is

invalid due to no response to the Valid Objection filed; the amount, if any, subject to a pending Valid Objection; and the amount of any Valid Objection that was resolved by settlement (the "PACA Trust Chart"). The PACA Trust Chart must also list the funds available for an interim distribution equal to 75% of the funds on deposit at the time in the PACA Trust Account ("Available Funds"). The PACA Trust Chart must list the pro-rata distribution of the Available Funds to the valid PACA trust claims and disputed claims, and allow for a reserve in the event all pending Valid Objections are overruled. The 25% of the funds in the PACA Trust Account that is being withheld from the Interim Distribution may be subject to the claims of Meuers Law Firm for common fund attorneys' fees.

57.     Absent timely, valid objections, Meuers Law Firm will make an interim distribution of the Available Funds no later than the "Interim Distribution Deadline" stated in ¶45 of this Agreed Order, to be paid *pro-rata* to the holders of valid PACA trust claims listed on the PACA Trust Chart. Meuers Law Firm shall make the distribution *pro-rata* and allow for a reserve, with all percentages based upon the total in the PACA Trust Account and determined as though all pending Valid Objections would be overruled. Claimants' percentages subject to pending Valid Objections will be maintained in reserve in the PACA Trust Account. Meuers Law Firm shall make the distribution payable to the client trust account of the claimant's attorney of record. If an attorney represents more than one claimant, the distribution may be made in one lump sum in the aggregate amount of all distributions for that attorney's clients. Each attorney has the duty to then distribute the funds to their clients in accordance with the PACA Trust Chart, subject to any contrary agreement among the attorney and his clients.

58.     The *pro-rata* portion of any claims subject to an unresolved objection, to the extent of the objection only, will be held in the PACA Trust Account until the Valid Objections

to the claims are resolved, in which case the reserve portion will be either used to make the *pro-rata* distribution to the claim if the claimant prevails, or is made available for distribution to other valid claimants if the objecting party prevails. Meuers Law Firm shall adjust all valid claimants' percentage shares and distributions after the resolution of these disputed claims, but before any subsequent distributions. The total amount distributed to each valid claimant, including all prior interim and subsequent distributions, will reflect the claimants' percentage shares after the resolution of Valid Objections. Any timely and valid objections to the PACA Trust Chart will be resolved between the parties or submitted to the Court on motion for ruling.

59.    Meuers Law Firm will use the same procedure to make subsequent distributions. Meuers Law Firm will file and serve a PACA Trust Chart upon counsel identified in ¶46 of this Agreed Order and who file an appearance with the Court and any pro-se parties. All parties have seven days after the date of service of the PACA Trust Chart to file and serve timely, valid objections to the PACA Trust Chart. Absent timely, valid objections, Meuers Law Firm is authorized to make the distribution stated in the PACA Trust Chart without Court Order.

60.    After all distributions to valid PACA beneficiaries are made and all reasonable compensation, if any, is paid to Meuers Law Firm, if any funds remain in the PACA Trust Account, such funds shall be promptly distributed to Crossroads.

## V.    PROCEDURAL ISSUES

61.    This Court will exercise exclusive *in rem* jurisdiction over this action, the PACA Trust Assets, and the PACA Trust Account established pursuant to this Order.

62.    The Court also retains jurisdiction to enter further Orders to enforce the terms of this Agreed Order.

63.    Since the initial disclosures and discovery are in part being provided for in this

Order, the parties are relieved of complying with FRCP 26 pending further Court Order. Pursuant to FRCP 26(d)(1), discovery may commence without the need to first confer as required by FRCP 26(f).

64.     All depositions will be taken after the deadline to "File Complaint in Intervention and PACA Proof of Claim" stated in ¶45 in this Agreed Order, and the parties will endeavor in good faith to arrange a reasonable schedule for the depositions.

65.     In light of the numerous Complaints and Complaints in Intervention anticipated to be filed in this case, Defendants and any other Defendants are granted an extension to the deadline stated in ¶45 as "File Omnibus Answer to Complaints," within which to file an omnibus answer to any such Complaints and Complaints in Intervention.

66.     Meuers Law Firm will have no responsibility or obligation to any person or entity with respect to the PACA Trust Account, or the tasks to be performed under this Order, other than to comply in good faith with the terms of this Order and other Orders of this Court. Meuers Law Firm may rely upon and will be protected in acting or refraining from acting upon any statement, certificate, notice, request, consent, order or other documents (including Crossroads' books and records) reasonably believed by Meuers Law Firm to be genuine and to have been signed or presented by the proper party or parties, or their counsel.

67.     Meuers Law Firm has no duty or liability to verify any such statement, certificate, notice, request, consent, order or document; will not be liable for any mistake of fact or error or judgment, or for any act done or omitted in good faith as required or permitted by this or other Orders of this Court; and, will be under no obligation to institute or defend any action, suit or proceeding in connection with the PACA Trust Account.

68.     All pending actions by or on behalf of other persons or entities against Crossroads, Puckett, the company's officers or employees that arise under or relate to the trust provisions of PACA are hereby stayed and all subsequent actions by any unpaid seller of Produce under the trust provisions of PACA against Crossroads and Puckett are hereby stayed.

**IT IS SO ORDERED** this 16th day of April, 2014 in Tulsa, Oklahoma.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

**STIPULATED BY THE PARTIES.**

Of Counsel:
MEUERS LAW FIRM, P.L.
Lawrence H. Meuers
Fla. Bar No. 0934879
*Pro Hac Vice Forthcoming*
Steven M. De Falco
Fla. Bar No. 0733571
*Pro Hac Vice Forthcoming*
5395 Park Central Court
Naples, FL  34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
lmeuers@meuerslawfirm.com
sdefalco@meuerslawfirm.com

**CAPRON & EDWARDS, P.C.**

By:   /s/Stephen J. Capron
     Stephen J. Capron (SBN 18350)
     406 South Boulder Ave., Suite 400
     Tulsa, OK  74103
     Telephone:  (918) 398-7600
     Facsimile:  (918) 398-7602
     *sjc@capronedwards.com*

     *Attorneys for Plaintiff, Keith Connell, Inc.*

**ELLER & DETRICH**
     /s/ Mac D. Fionlayson
By:
     Mac D. Finlayson
     2727 E. 21st Street, Ste 200
     Tulsa, OK  74114-3533
     Telephone:  (918) 747-8900
     Facsimile:  (918) 392-9453
     *mfinlayson@ellerdetrich.com*

     *Attorney for Defendants*
     *(written authorization to submit signature*
     *provided to counsel for Plaintiff)*

# Exhibit A to Stipulated Injunction

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

KEITH CONNELL, INC., a
Missouri corporation,

    Plaintiff,

v.

CROSSROADS FRESH
CONNECTIONS, INC., an
Oklahoma corporation,

BRETT PUCKETT, an individual,

    Defendants.

Case No. 14-CV-0166-CVE-TLW

**NOTICE OF PROCEDURE TO DETERMINE VALID PACA CLAIMS**

TO:    **ALL CREDITORS OF CROSSROADS FRESH CONNECTIONS, INC.**

    **PLEASE TAKE NOTICE** that on April 16, 2014, the United States District Court for the Northern District of Oklahoma entered a Stipulated Injunction and Agreed Order Establishing PACA Claims Procedure (the "Order") in the above-captioned proceeding against Crossroads Fresh Connections, Inc. ("Crossroads"), a copy of which is attached.

    Under certain circumstances, the trust provisions of the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499 ("PACA") provide for priority payment to qualifying sellers of perishable agricultural commodities ("Produce") who have not received payment for Produce sold and shipped to its customer. In order to qualify as a PACA trust beneficiary entitled to such priority payment, the creditor must first have sold perishable agricultural commodities (meaning fruits or vegetables in fresh form, whether or not packed in ice, including frozen). Second, the seller of the commodities must have timely complied with certain statutory requirements to validly preserve its PACA trust benefits and qualify as a PACA

trust beneficiary.  Sellers who prove they have met all statutory requirements and have valid PACA trust claims are entitled to share in the distribution of Crossroads' PACA trust assets.

The Order sets forth a procedure for all fruit and vegetable suppliers to intervene in the case to prove their PACA trust claims against Crossroads.

### PRODUCE VENDORS

If you are a Produce vendor who has not been paid for fresh or frozen produce sold to Crossroads, and you desire to assert a claim that you are a PACA trust beneficiary of Crossroads, you must timely and fully comply with all terms of the following claims procedure for produce creditors.

### NON-PRODUCE VENDORS

If you are **NOT** a produce supplier, do not submit a claim at this time.  In the event there are any non-PACA trust assets remaining for unsecured creditors of Crossroads, you will be notified of the procedure to distribute those assets to unsecured creditors.  You may intervene to lodge objections to PACA trust claims for Produce sold or challenge whether any particular asset is subject to the PACA trust in accordance with the Order.  NOTE:  Any objections to PACA trust claims or challenges to any particular PACA trust asset must be filed and served as stated in paragraphs 1 and 2 below, no later than the Objection Deadline of June 20, 2014.

### CLAIMS PROCEDURE FOR PRODUCE CREDITORS

1.    No later than May 30, 2014, "Deadline to File Complaint in Intervention and PACA Proof of Claim," any potential PACA trust creditor wishing to intervene in this lawsuit and seek relief under the PACA's trust provisions must file (i) a Complaint in Intervention which complies with Federal Rule of Civil Procedure 8(a), and (ii) a PACA Proof of Claim substantially similar to the form attached as **EXHIBIT "A"** to this Notice with the Clerk of the

United States District Court for Northern District of Oklahoma, 333 West Fourth St., Tulsa, OK 74103.

      2.      The Complaint in Intervention and the Proof of Claim must also be served upon:

Lawrence H. Meuers
Steven M. De Falco
Meuers Law Firm, P.L.
5395 Park Central Court
Naples, Florida 34109-5932
Telephone: (239) 513-9191
lmeuers@meuerslawfirm.com
sdefalco@meuerslawfirm.com

*Attorney for Keith Connell, Inc.*

Mac D. Finlayson
Eller & Detrich
2727 E. 21st Street, Ste 200
Tulsa, OK 74114-3533
Telephone: (918) 747-8900
*mfinlayson@ellerdetrich.com*

*Attorney for Defendants*

      3.      The Order provides that service of the Complaint in Intervention and Proof of Claim upon the counsel listed in ¶2 can be accomplished by personal service, courier, overnight delivery or United States first class mail, postage pre-paid. Service is also permitted to be made pursuant to FRCP 5(b)(2)(D) via email to the email addresses identified above, provided that if service is effectuated via email, a copy of the document is also served via U.S. Mail on the date of email service. All filings must be accompanied by a Certificate of Service. Any claims not timely filed with the Proof of Claim in accordance with this Paragraph will be inadmissible at any evidentiary proceeding or trial conducted in this proceeding. This requirement does not apply to documents relied upon by a PACA claimant to rebut an objection to its claim.

      **4.**      **Any PACA claimant who fails to timely file a Complaint in Intervention and PACA Proof of Claim with the Court and serve them on counsel referenced above, is forever barred from asserting any claim under the PACA trust against Crossroads or any officer or employee of Crossroads for non-payment of Produce sold to Crossroads, whether in this Court or any other forum.**

5.     Additional deadlines governing the determination and payment of valid PACA claims against Crossroads are stated in the Order and are summarized below:

| EVENT | DEADLINE |
|---|---|
| File Complaint in Intervention and PACA Proof of Claim | **May 30, 2014** |
| Objections to PACA Proofs of Claim | **June 20, 2014** |
| Responses to Claims Objections | **July 11, 2014** |
| File PACA Trust Chart and Move for Interim Distribution | **July 25, 2014** |
| Object to PACA Trust Chart and Interim Distribution | **August 1, 2014** |
| Interim Distribution | **August 8, 2014** |
| File Motion to Rule on Objections | **August 8, 2014** |

6.     If you have any questions concerning this Notice or whether you qualify as a PACA trust creditor of Crossroads or any of its affiliated entities, you are strongly advised to seek legal counsel ***immediately***.

**THE DEADLINE TO FILE YOUR COMPLAINT IN INTERVENTION AND PACA PROOF OF CLAIM IS MAY 30, 2014.**

**Exhibit A to Notice of Procedure**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEITH CONNELL, INC., a Missouri corporation,** | |
| **Plaintiff,** | |
| **v.** | Case No. 14-CV-0166-CVE-TLW |
| **CROSSROADS FRESH CONNECTIONS, INC., an Oklahoma corporation,** | |
| **BRETT PUCKETT, an individual,** | |
| **Defendants.** | |

**PACA  PROOF OF CLAIM OF** _____ **(Company Name)**

I, _____ (Declarant), declare:

    1.    I am the _____(Title) and the custodian of the accounts and records of _____(Company) (the "Claimant"), and I file this Declaration and declare under penalty of perjury that the following are true statements and that the attached documents are true and correct copies or original documents, which are filed with this Declaration for the purpose of supporting Claimant's PACA claim as a beneficiary of the trust created against perishable agricultural commodities sold and delivered to Crossroads Fresh Connections, Inc. ("Crossroads"), pursuant to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. § 499 ("PACA") and the Code of Federal Regulations implementing PACA promulgated by the Secretary of the United States Department of Agriculture ("USDA"), 7 C.F.R.§ 46.46, I am authorized to make this Declaration,  I am competent to testify at trial, if necessary, regarding the statements made in this Declaration, and I have personal knowledge of the contents of this Declaration.

2.      Claimant:

☐   is licensed by the USDA–PACA, and currently holds valid PACA license number _____, and was so validly licensed during the period applicable to the transactions which are the subject of this claim.  No oral or written agreement altering PACA's prompt payment terms exists.

☐   is not licensed by the USDA-PACA, and was not so licensed during the period applicable to the transactions which are the subject of this claim.

3.      The following payment terms apply to the transactions between Claimant and Crossroads:

☐   Payment was due within ten (10) days after the day on which the produce was accepted as provided for in 7 C.F.R. §46.2(aa)(5).

☐   On _____- day written payment terms from the date of *(check one)*:

| ☐ | ☐ | ☐ | ☐ |
|----------|---------|----------|------------|
| Shipment | Invoice | Delivery | Acceptance |

☐   Other: (describe)_____

*True and accurate copies of the written agreements, if any, providing for such payment terms are attached to this Declaration.*

4.      Claimant sold and delivered perishable agricultural commodities consisting of fresh fruits or vegetables ("Produce") on credit to Crossroads as described in a chart attached to this Declaration ("Trust Chart").  In each instance, the Produce was received and accepted by Crossroads and no adjustments have been made on the invoice except as listed.

5.      In the Trust Chart, the following definitions apply: "Invoice Number" means the invoice under which the commodity was sold to Crossroads; "Transaction Date" means the date which begins the payment term between the parties; "Invoice Date" means the date the invoice was generated and mailed to Crossroads, "Payment Due Date" means the date payment was due under the payment terms between the parties; the "Date Notice Given" means the date of the invoice if the Claimant claims trust status by virtue of a notice included on its invoice or the date

the Notice of Intent to Preserve Trust Benefits (the "Trust Notice") was given to Crossroads if the Claimant claims trust status by virtue of a Trust Notice; "Invoice Amount Due" means the principal amount owed and remaining unpaid, whether or not it qualifies for trust protection; "Number of Days Overdue May 30, 2014" means the number of days the invoice will be past due on the Proof of Claim deadline; and "PACA Trust Amount" means the amount owed and remaining unpaid qualifying for trust protection pursuant to the provisions of PACA.

6.    That Claimant preserved its PACA trust rights against Crossroads:

☐  by including the statutorily required language on Claimant's invoices or other billing statements (7 U.S.C. §499e(c)(4)); or

☐  by giving Trust Notices to Crossroads (7 U.S.C. §499e(c)(3)).

7.    That on the ☐ Invoice Date or ☐ Tansaction Date indicated on the Trust Chart and appearing on each of the invoices or billing statements, each invoice or billing statement was sent to Crossroads via:

☐ US Mail

☐ Hand-Delivery

☐ Facsimile

☐ Other: (describe)_____

8.    Attached to this Declaration are true and accurate copies of all unpaid invoices or billing statements containing the statutorily required language stated in ¶ 6, Trust Notices and any other documents that may be helpful for the just determination of this claim.

9.    Claimant:

☐  Has a contract with Crossroads for the recovery of attorneys' fees from Crossroads.

☐  Does not have a contract with Crossroads for the recovery of attorneys' fees from Crossroads.

10.   Claimant:

☐   Has a contract with Crossroads for the recovery of interest from Crossroads, and *(check one)*:

☐   The interest rate stated in the contract is _____% per year: or

☐   No interest rate is stated in the contract.

☐   Does not have a contract with Crossroads for the recovery of interest from Crossroads.

11.   The total amount past due and unpaid from Crossroads is calculated as follows:

Principal:   $ _____

Interest  through May 30, 2014:   $ _____

Attorneys Fees through May 30, 2014:   $ _____

**TOTAL**  $ _____

*Only include if Claimant has a written contract with Crossroads for recovery of attorneys fees. In that event, provide a copy of that written contract.*

I declare under the penalty of perjury, under the laws of the United States of America and the State of _____, that the foregoing is true and correct based on my personal knowledge. 28 U.S.C. § 1746.

Executed  on  _____, 2014 at _____(City), State of _____.

_____
Signature

_____
Printed Name

_____
Title

Page 4 of 4

Payment Terms - ____ days
Interest Rate - ___%

Trust Chart

v.
Crossroad Fresh Connections, Inc., et al.

| Invoice Number | Transaction Date | Invoice Date | Payment Due Date | Invoice Amount | No. of Days Overdue | Accrued Interest* | Total Amount |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
| Sub-Totals |  |  |  | $ |  | $ | $ |

Estimated Attorney Fees and Costs, if applicable:

=Total Claim   $

* Additional daily interest accruing from above date   $